IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GHILOTTI BROS, INC,      No C-09-02735 VRW

    Plaintiff,     ORDER

    v

AMERICAN SAFETY INDEMNITY CO,

    Defendant.

---

    Defendant American Safety Indemnity ("ASIC") seeks reconsideration of the court's February 4, 2010 order granting summary judgment for plaintiff Ghilotti Brothers, Incorporated ("Ghilotti") on its claim that ASIC has a duty to defend Ghilotti in an action in Marin County superior court. Doc #49. Ghilotti seeks modification of the February 4 order to specify relief. Doc #50. On May 13, 2010 the court heard oral argument on the motions for reconsideration.

I

    Ghilotti and ASIC entered into a commercial liability insurance policy covering a period from October 1, 2003 to October

1, 2004, with a policy limit of $1 million for each occurrence and an aggregate limit of $2 million.  Doc #24 Exh A.  The policy includes a retained limit of $25,000 under a self-insured retention endorsement.  Id.  Ghilotti sought defense under the policy in late 2007 based on a cross-claim against Ghilotti in state court for breach of contract and tort actions.  Doc #24 Exh J.

In January 2006 Ghilotti filed an action in Marin County superior court seeking to recover monies due under its construction contract with Monahan Pacific Construction Corporation for a development project known as Drake's Cove.  Doc #1 at 6.  Drake's Cove is owned by Larkspur Capital Partners, LLC, managed by Monahan Pacific Corporation and under development control by general contractor Monahan Pacific Construction Company (collectively "MPCC").  Doc #24 Exh J at 2.  The underlying cross-complaint by MPCC alleges that the dispute for which Ghilotti seeks a defense began on or around August 5, 2003, when Ghilotti submitted a subcontract proposal to grade and construct civil improvements at Drake's Cove.  Doc #24 Exh J.  MPCC alleges that Ghilotti entered the Drake's Cove property on or about September 2, 2003 without authorization from MPCC in violation of the law and contrary to MPCC's specific instruction not to do grading.  Id at 2-3 ¶ 11.  MPCC further alleges that Ghilotti did significant grading to Lot 21 at Drake's Cove when it removed and damaged numerous "Heritage Trees" without the required grading and tree removal permit.  Id.  MPCC alleges that Ghilotti's September 2003 grading violations resulted in a stop work notice by the city of Larkspur on September 30, 2003.  Id.

\\

On or about May 27, 2004 Ghilotti entered into a written construction contract with MPCC for a fixed price to perform the work described in the August 5, 2003 proposal. Doc #24 Exh C. Ghilotti also seeks defense based on claims against Joe Heim, Inc, ("Heim"), with which Ghilotti entered a subcontracting agreement on or about May 20, 2004 to clear trees, stumps and brush at Drake's Cove. Doc #24 Exh Q. MPCC alleges that Ghilotti authorized Heim to remove Heritage Trees between May 20 and June 2, 2004. Doc #22 at 4.

On December 20, 2007, Ghilotti's attorney, Howard Curtis, submitted a tender of defense on behalf of Ghilotti to all general liability insurers covering any portion of the period from September 1, 2003 through April 30, 2006. Doc #24 Exh B. On February 12, 2008, ASIC notified Ghilotti of its receipt of the Ghilotti tender and requested additional information to determine whether Ghilotti's tender fell within scope of the policy. Doc #24 Exh H. On March 17, 2008, Ghilotti responded to ASIC's information request by including copies of the second amended cross-complaint and the attached copy of the Drake's Cove construction contract. Doc #24 Exh I.

On April 17, 2008, ASIC denied coverage and refused to defend Ghilotti because (1) MPCC's claims did not constitute an occurrence under the policy; (2) the total prior work exclusion precluded coverage under the policy; (3) the pre-existing injury or damage exclusion precluded coverage under the policy; (4) the damage to property exclusions 2j(5) and 2j(6) precluded coverage under the policy. Doc #24 Exh R.

\\

Ghilotti subsequently filed a complaint, removed by ASIC, for declaratory relief that ASIC owes Ghilotti a duty to defend and indemnify. Doc #1. On November 23, 2009, Ghilotti moved for summary judgment on its claim that ASIC owes Ghilotti a duty to defend. Doc #21. On January 11, 2010 ASIC submitted a declaration pursuant to Rule 56(f) of the Federal Rules of Civil Procedure ("FRCP") in support of its request to deny or continue the hearing on the motion for summary judgment. On February 4, 2010 the court heard argument and entered an order granting Ghilotti's motion for summary judgment and denying ASIC's request for continuance under FRCP 56(f). The order stated that the court "may however revisit its ruling if additional discovery uncovers information relevant to ASIC's duty to defend." Doc #48 at 1. "ASIC is therefore granted leave to file a motion for reconsideration if the standards of Civ LR 7-9 are met through this additional discovery." Id at 11.

ASIC seeks reconsideration pursuant to Civ LR 7-9 and FRCP 60(b). Doc #49. Ghilotti also filed an application to modify the February 4, 2010 order which is construed as a motion for reconsideration pursuant to FRCP 60(b). Doc #50. Because the court earlier granted ASIC leave to seek reconsideration, Ghilotti is deemed to have been granted leave to do the same.

II

A motion for reconsideration is a matter of discretion for the district court and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Kona Enterprises, Inc

**4**

<u>v Estate of Bishop</u>, 229 F3d 877, 890 (9th Cir 2000) (quotation omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id.

Civ LR 7-9 requires leave of court before noticing a motion for reconsideration. A party seeking leave to file a motion for reconsideration must demonstrate either of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the order for which reconsideration is sought. The party must also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order;

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the court before such interlocutory order.

Civ LR 7-9(b).

A

The court granted ASIC leave to seek reconsideration of the order granting summary judgment only if additional discovery warranted reconsideration under the standards of Civ LR 7-9. ASIC
\\

5

has not met its burden to establish any of the predicates necessary for reconsideration.

**1**

The parties spent considerable time during oral argument addressing an argument that ASIC raised in opposition to Ghilotti's motion for summary judgment which the court implicitly rejected by granting Ghilotti's motion for summary judgment. Doc #41 at 27. ASIC contends that because Ghilotti is defended by Evanston Insurance Company and CNA, Ghilotti waived its right to demand indemnity, coverage or defense from ASIC pursuant to an amendatory endorsement in the policy concerning other insurance. Doc #24-1 at 27. ASIC now seeks an explicit ruling on the waiver defense. Doc #49-1 at 16.

The extent of ASIC's waiver defense argument raised in opposition to the motion for summary judgment is limited to the following:

> The Policy contains a Condition that states at subparagraph (c) the following in pertinent part:
>
> > As a condition precedent to an obligation to provide * * * indemnity, coverage, or defense hereunder, each insured * * * shall first demand indemnity, coverage and defense from each other insurer that may provide indemnity, coverage or defense to it. The insured <u>waives</u> any right * * * to insist that we provide indemnity, coverage or defense to the insured when any other insurer may also provide indemnity, coverage or defense to the insured. The insured <u>waives</u> any rights it may have to a targeted tender or any other right to select us as the insurer to provide indemnity, coverage or defense. [Emphasis added by ASIC]. (Decl Barnum Ex A [Doc #24] at page 27)

> Ghilotti admits it is being defended by Evanston Insurance Company and CNA. ([Doc #22 at] 25:25-26:1) Accordingly, Ghilotti has waived a right to demand 'indemnity, coverage or defense' from ASIC. As stated in <u>Ringler Assocs Inc v Maryland Casualty Co</u> (2000) 80 Cal App 4th 1165, 1187-1188:
>
>> California law would still not permit [the insured] to recover damages for breach of the duty to defend. . . [where] it was fully protected from having to pay any costs of its own defense by other insurers who were on the risk * * *.

Doc #41 at 27. Ghilotti addressed ASIC's waiver defense on reply, and referred to those arguments at the hearing on the motion for reconsideration. Doc #42 at 22-24. Ghilotti argues that it did not negotiate with ASIC over the purported waiver provision under paragraph 4(c) and did not intentionally relinquish its right under the ASIC policy. Id at 22. Ghilotti further argues that paragraph 4(c) acts as an escape clause which state courts disfavor on public policy grounds, citing state law authority. Id at 23. Ghilotti also represents that Evanston, the insurer prior to ASIC, asserts that its policy does not cover the alleged damage in May 2004 because its policy had already expired, leaving ASIC as the only primary insurer who provides indemnity for the May 2004 conduct. Doc #42 at 23-24.

To address the first of these points ASIC cites correspondence in the record purporting to demonstrate that Ghilotti knowingly negotiated the terms of the policy and agreed to the waiver provision. Doc #41-1 at 5, 7. This correspondence

reflects communications about the Total Prior Work exclusion but does not evidence any negotiation over the purported waiver provision or intentional waiver of policy coverage.

Addressing the state court decisions holding that "where more than one insurer owes a duty to defend, a defense by one constitutes no excuse of the failure of any other insurer to perform," <u>Wint v Fidelity & Casualty Co</u>, 9 Cal 3d 257, 263 (1973) (citing <u>Continental Cas Co v Zurich Ins Co</u>, 57 Cal 2d 27, 37 (1961)), ASIC represents that there is no state court decision interpreting a waiver provision such as paragraph 4(c). ASIC thus suggests that there is no authority not to enforce the waiver, and contends that paragraph 4(c) should be read as a stand-alone provision. State law, however, requires policy terms to be construed in the context of the whole policy and the circumstances of the case. <u>Forecast Homes, Inc v Steadfast Ins Co</u>, 181 Cal App 4th 1466, 1475 (2010) (citation omitted). Construing paragraph 4(c) in the context of the whole policy, the waiver proposed by ASIC when another insurer provides indemnity, coverage or defense would render as surplusage subparagraphs (a) and (b) which define primary insurance and excess insurance. Doc #24-1 at 27. Under well settled rules of construction, any ambiguity must be construed against the insurer. <u>Wint</u>, 9 Cal 3d at 261. It appears that the waiver provision of paragraph 4(c) acts as escape clause under state law principles of contract interpretation and state court rulings disfavoring "other insurance" clauses. See <u>Dart Ind, Inc v Commercial Union Ins Co</u>, 28 Cal 4th 1059, 1079-80 (2002) ("public policy disfavors 'escape' clauses, whereby coverage purports to evaporate in the presence of other insurance") (quotation omitted).

8

Even if the waiver provision were enforceable, ASIC has not demonstrated that Ghilotti's other insurers are obligated to provide indemnity, coverage or defense for the alleged damages in May 2004. At best ASIC suggests that Evanston may extend coverage to include this period, but cannot establish that the May 2004 conduct is covered by the Evanston policy so as to trigger the waiver provision under paragraph 4(c). As the provider claiming the waiver of a right under the policy, ASIC fails to meet its burden to prove by clear and convincing evidence that does not leave the matter to speculation that Ghilotti waived its right to indemnity, coverage or defense under the policy. <u>Ringler Assoc Inc v Maryland Cas Co</u>, 80 Cal App 4th 1165, 1188 (2000).

ASIC further argues because Ghilotti is being defended by two other carriers and thus presents no present controversy over ASIC's duty to defend; this argument has no factual or legal support, and does not meet any standard for reconsideration of the court's earlier ruling.

2

In further support of its motion for reconsideration ASIC cites a recent decision of the court of appeal as authority for its contention that the court erred in finding that at least one of the underlying claims against Ghilotti is potentially covered under the policy with ASIC. ASIC does not contend that this decision, <u>Fire Ins Exchange v Super Ct</u>, 181 Cal App 4th 388 (Jan 26, 2010) (review denied April 22, 2010), announced a change of law in support of its request for reconsideration. On the contrary, ASIC recognizes that "<u>Fire Insurance</u> is consistent with the long line of California

appellate decisions holding that for there to be an accident, the cause, as well as the result, must be unexpected, unusual, and unforeseen." Doc #49-1 at 9. ASIC argues that because "Ghilotti's acts at issue were intended, including the consequences of those acts, this court erred in concluding the claim was potentially covered." Id at 10. ASIC raised this argument in opposition to the motion for summary judgment, which the court expressly considered: "ASIC counters that because the removal of trees was intentional, not accidental, the underlying cross-complaint does not allege an occurrence." Doc #48 at 7 (citing Doc #41 at 12). ASIC has not shown a "manifest failure" by the court to consider dispositive arguments such as to warrant reconsideration.

ASIC further contends that the court overlooked existing law when interpreting property exclusions 2j(5) and 2j(6) narrowly. The court noted that the parties acknowledged that "no published California decision addresses the enforceability of the damage to property exclusion." Doc #48 at 9-10. When addressing this point in opposition to Ghilotti's motion for summary judgment, ASIC cited only a depublished decision, <u>Overland Mechanical Inc v Maryland Casualty Co</u>, 30 Cal Rptr 2d 84 (1994). Doc #41 at 23 n5. On its request for reconsideration, ASIC now contends that <u>Baroco West, Inc v Scottsdale Ins Co</u>, 110 Cal App 4th 96 (2003) is "directly on point" and holds that the policy excludes damage to the property caused during ongoing construction operations such as Ghilotti's. Doc #49-1 at 11-12. In opposition to summary judgment ASIC cited <u>Baroco West</u> to support its contention that exclusions 2j(5) and 2j(6) applied to Ghilotti. Doc #41 at 27. The court considered ASIC's argument and authority on the motion for summary judgment,

10

and determines that ASIC has not demonstrated grounds for reconsideration of the court's ruling.

ASIC also contends that the court "committed error by characterizing the damages from Ghilotti's acts as being accidental * * * and then by also finding that the intentional removal of trees and the 'intended' damages of Ghilotti's intentional acts applied under the Court's analysis of the J(5) Exclusion to prohibit the application of the exclusion." Doc #49-1 at 10-11 (emphasis in original). Ghilotti failed to address this argument in its opposition to ASIC's motion for reconsideration, but the court determines that ASIC's argument confuses two aspects of Ghilotti's alleged conduct: unintentionally proceeding without a permit and intentionally removing trees. The court held that because MPCC's cross-complaint "raises the possibility that Ghilotti could be liable based on negligently failing to obtain the proper permits and that trees may have been cut during the policy period, at least one underlying claim is potentially covered under Ghilotti's policy with ASIC." Doc #48 at 7. As Ghilotti explained in its reply brief in support of its motion for summary judgment, the claim asserted in the cross-complaint "is that Ghilotti removed or damaged trees that were not listed on the tree permit issued by the city." Doc #42 at 20. The court thus determined that ASIC owed a duty to defend Ghilotti because Ghilotti's unauthorized removal of trees was not intentional. Doc #48 at 7. With respect to the policy exclusion for property damage, the court construed the 2j(5) exclusion narrowly to exclude only unintended damage to property. Id at 10. The court determined that MPCC alleged damages based on the intentional removal of trees, whether or not

11

the lack of permits was intentional. Id. The court thus distinguished between Ghilotti's lack of permits, which was not intentional, and its removal of trees, which was intentional, and determined that Ghilotti faced possible liability for the damage to property. No reconsideration of this ruling is warranted.

ASIC further contends that the court "improperly adopted a narrow view of the [Total Prior Work] exclusion despite the clear language of the TPW exclusion itself and the intention of the parties at the time of contracting." Doc #49-1 at 13. The court considered this argument in the order granting summary judgment:

> ASIC argues the total prior work exclusion bars coverage because Ghilotti began performing the work at issue for MPCC in August 2003, prior to the inception of the ASIC policy on October 1, 2003. Doc #41 at 15. Ghilotti suggests a narrower reading of the exclusion that would allow for coverage for discrete work performed at a site during the coverage period even if Ghilotti performed some unrelated work at the site before the coverage period. Doc #22 at 24-25. Because the narrower interpretation is consistent with the exclusion language, the court interprets the exclusion in favor of the insured. The underlying claims against Ghilotti allege discrete acts performed during the coverage period, see Doc #24 Exh J ¶ 62, and accordingly the total prior work exclusion does not operate as an absolute bar to coverage.

Doc #48 at 8. Only disputing the court's interpretation of the policy language, ASIC points to no "material difference in fact or law," "emergence of new material facts or a change of law," or "manifest failure by the court to consider material facts or dispositive legal arguments" so as to warrant reconsideration of this point.

ASIC presents a recent decision by the court of appeal to seek reconsideration of the court's ruling that ASIC waived the

right to have the Self Insured Retention ("SIR") paid directly to it because ASIC had not provided a defense. Doc #49-1 at 15-16. Citing <u>Forecast Homes, Inc v Steadfast Ins Co</u>, 181 Cal App 4th 1466 (Jan 12, 2010), ASIC reiterates its argument presented in opposition to the motion for summary judgment that the SIR is a condition precedent to ASIC's obligation to provide a defense and that Ghilotti did not satisfy the SIR endorsement. Doc #41 at 28. The court considered this argument in the order granting summary judgment and determined that ASIC had forfeited the right to have the $25,000 SIR paid directly to it because it denied its obligation to defend Ghilotti, which had expended more than $25,000 in defending itself. Doc #48 at 11. ASIC does not contend that <u>Forecast Homes</u>, which was decided three weeks before the court issued its order granting summary judgment, announced a change in the law. Nor does ASIC offer an explanation why it did not bring this state court ruling to the court's attention or otherwise show "that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order" to satisfy the requirements for reconsideration under Civ LR 7-9.

B

Ghilotti's complaint for declaratory relief prays for the following relief: a declaration that ASIC is obligated to defend Ghilotti in the Drake's Cove action; a declaration that ASIC is obligated to indemnify Ghilotti in the Drake's Cove action; other declarations and other relief the court deems just and proper; and costs of suit.

Ghilotti now seeks an order modifying the February 4, 2010 order to grant the following declaratory relief:

1) Defendant's duty to defend arose upon Plaintiff's tender of defense in December 2007.

2) Defendant breached its duty to defend Plaintiff on April 17, 2008 when it refused to defend.

3) Defendant's breach of its duty to defend was wrongful in that the underlying cross-complaints allege a potentially covered claim.

4) Defendant's duty to defend includes an obligation to immediately join and participate with Evanston Insurance Company and CNA (Valley Forge Insurance Company) in providing a defense to Ghilotti in the underlying action.

5) In discharging its duty to defend, Defendant shall enter into an interim agreement for an equal one-third sharing

   (a) of the costs of defense (i e, attorney's fees, litigation costs and legal expenses) with Evanston and CNA, subject to each insurer's reserving its rights to a determination of another method of apportioning the costs of defense as among themselves, unless the three insurers can agree on another mutually satisfactory method of allocation. In the absence of a consensual resolution, any judicial determination of apportionment amongst the insurers must follow the conclusion of the underlying action.

6) By virtue of its breach of the duty to defend, Defendant has forfeited its right to limit its obligation to pay attorney's fees to an hourly rate of $150, whether based on Civil Code section 2860 or otherwise. Defendant is obligated to pay a share of Ghilotti's defense based upon the following billing rates: Senior partner - $250; Senior associate - $220; Junior associate - $205.

7) In discharging its duty to defend, Defendant shall actively participate with the other insurers to explore settlement possibilities, including attending mandatory settlement conferences and mediation sessions.

Doc #50-4 [proposed order].

\\

14

By entering the February 4, 2010 order granting Ghilotti's motion for summary judgment on its claim for declaratory relief regarding ASIC's duty to defend, the court granted specific relief sought in the complaint: a declaration that ASIC is obligated to defend Ghilotti in the Drake's Cove action. Ghilotti's request for reconsideration is denied to the extent that Ghilotti asks the court to amend the February 4, 2010 order to include Ghilotti's proposed findings of fact and additional items of declaratory relief that were not sought in the complaint, including apportionment among the insurers. The complaint alleged only a claim for declaratory relief regarding ASIC's obligation to Ghilotti; the issue of apportionment among the insurers is not before this court. See Dart Industries, 28 Cal 4th at 1080 ("When multiple policies are triggered on a single claim, the insurers' liability is apportioned pursuant to the 'other insurance' clauses of the policies or under the equitable doctrine of contribution. That apportionment, however, has no bearing upon the insurers' obligations to the policyholder.")

III

For the reasons explained above, ASIC and Ghilotti's motions for reconsideration are DENIED.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

15